McFarland, J.,
delivered the opinion of the Court.
Fitzmorris sued Walsh for a balance claimed to be due upon a sale of seven barrels of whiskey.
As to the contract, the plaintiff and the defendant were the only witnesses. But one other witness was examined — who was introduced by the defendant — but his evidence does not bear upon this question. The plaintiff’s testimony is very positive and direct, that the contract was, that the defendant should pay $600 for the lot of whiskey. On the other hand, the defendant swears as directly and as positively that the price was $370.
*56 The bill of exceptions shows that the defendant asked the court to charge the jury, “that the burthen of proof was upon the plaintiff in this case — the important point being, whether the several barrels of whiskey were sold for $600, or $370 — the plaintiff swearing the contract to be $600, and the defendant swearing that the contract was for $370 and not $600, and there being no other evidence on that point, and if the jury believe the parties to be equally truthful and reliable, they should find for the defendant;” all of which the court refused to charge. No charge of the court is set out in the bill of exceptions, and what instructions were given does not áppear.
It is argued that, as the charge is not set forth, we must presume that it was in all things correct. We must take the bill of exceptions to mean precisely what it says. That is, that the charge was in all other respects, and upon all other questions, correct, as it was not excepted to; but we cannot take it to mean, that the court in his charge, gave to the jury as the law, any proposition which this bill of exceptions says he refused to give.
It is difficult to see how the court could have materially erred upon this question. Yet the bill of exceptions shows that the court refused all of the proposition above set forth. It would have perhaps been more strictly accurate, in giving the proposition asked for, to have added some further qualification. But was the court correct in refusing it all? If the charge actually given had been set forth, and from it we could see that in fact the above proposition, with the *57 proper qualification, was given, then we could see that there was no error. But we must take it, in the present attitude of the record, that the court refused to charge the proposition asked for, either with or without qualification. It is certainly a well-settled principle, that the burden of proof is upon the plaintiff, and he must make out his case by a preponderance of testimony — not beyond a reasonable doubt, as in a criminal ease, but the evidence must preponderate in his favor. If, upon the entire evidence, the jury are in doubt, there being no decided preponderance either one way or the other, the verdict should be for the defendant, simply because the plaintiff has not made out his case.
In a case like the present, it was a question for the jury to determine, which of the two witnesses’ testimony was entitled to the greatest weight. They should have been instructed to look to other facts— if there be any in proof — to see if the testimony of either of these witnesses was corroborated. Also, that the jury were the exclusive judges of the credit of the witnesses, judging from their ■ manner, deportment, and other tests applied in such cases; and if upon the whole case, the question was left in equipoise or doubt, their verdict should be for the defendant. But if the preponderance was for the plaintiff, he was entitled to a verdict. This was in substance the charge asked for by the defendant — and we must take it that the court refused to give it, or any charge of an equivalent import.
If, upon a correct charge, the jury had seen proper to credit the plaintiff’s testimony, rather than the de *58 fendant’s, tve could not have said they were wrong. It is not necessary to determine, whether or not the court erred in refusing a new trial, upon the affidavit showing newly discovered evidence upon the part of defendant. Upon the other ground, the judgment must be reversed and a neAV trial awarded. •